RP

**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Joseph M. Malo, | ) No. CV-06-880-PHX-DGC (JCG) |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Joseph M. Arpaio, et al., | ) |
| Defendants. | ) |

On March 27, 2006, Plaintiff Joseph M. Malo, confined in the Maricopa County Fourth Avenue Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1). This action is one of more than 1,000 lawsuits filed in this district since September 2004 alleging that the overcrowded conditions in the Maricopa County jail system have resulted in a variety of constitutional violations.[1]

Plaintiff did not pay the $250.00 filing fee, but filed a certified Application to Proceed *In Forma Pauperis* and Inmate Account Statement with the Complaint. By Order filed May

---

[1] Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.). No such fund exists. The inmates in Hart asked for injunctive relief and not monetary damages. The Court at this time expresses no opinion on whether Plaintiff's lawsuit may result in an award of damages.

- 1 -

1  22, 2006 (Doc. #3), Plaintiff's Application to Proceed was granted, and Plaintiff was
2  obligated to pay the $250.00 statutory filing fee for this action. Plaintiff was assessed an
3  initial partial filing fee of $8.75.

4  The Order also dismissed Plaintiff's Complaint for failure to state a claim. Plaintiff
5  was given 30 days from the filing date of the Order to file a first amended complaint in
6  compliance with the Court's Order.

7  On June 27, 2006, Plaintiff filed a First Amended Complaint (Doc. #6) (Amended
8  Complaint). The Court will dismiss the Amended Complaint for failure to state a claim.

9  **I. Statutory Screening of Prisoner Complaints**

10  The Court is required to screen complaints and amended complaints brought by
11  prisoners seeking relief against a governmental entity or officer or employee of a
12  governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion
13  thereof if Plaintiff has raised claims that are legally frivolous or malicious, that fail to state
14  a claim upon which relief may be granted, or that seek monetary relief from a defendant who
15  is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). If the Court determines that a
16  pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an
17  opportunity to amend the complaint before dismissal of the action. See Lopez v. Smith, 203
18  F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court is required to grant leave to amend
19  "if a complaint can possibly be saved" but not if the Complaint "lacks merit entirely." Id.
20  at 1129. A court therefore should grant leave to amend if the pleading could be cured by the
21  allegation of other facts or if it appears at all possible that the defect can be corrected. Id. at
22  1130.

23  The Court should not, however, advise the litigant how to cure the defects. This type
24  of advice "would undermine district judges' role as impartial decisionmakers." Pliler v.
25  Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide
26  whether court was required to inform litigant of deficiencies). Plaintiff's Amended
27  Complaint will be dismissed for failure to state a claim, without leave to amend, because the
28

1  Amended Complaint cannot be saved by further amendment.

2  **II. Amended Complaint**

3  In his Amended Complaint, Plaintiff alleges two counts.  In Count I, he claims that
4  when he and his roommate were not getting along, he made repeated requests to be separated
5  for safety reasons.  Nothing was done.  He and his roommate had a dispute that resulted in
6  Plaintiff suffering head, neck and chest injuries.  Plaintiff asserts that in "Hart vs Hill 103,"
7  detention officers must be in a position to respond to calls for help.  In Count II, Plaintiff
8  claims that the guidelines in "Hart vs Hill. page 3" were violated when he was "denied a
9  dayroom free of Pretrial Detainees housed in the dayroom."

10  Named as Defendants in the Amended Complaint are: (1) Joseph M. Arpaio,
11  Maricopa County Sheriff; (2) "Unknown Captain," Jail Commander at the Maricopa County
12  Lower Buckeye Jail; and (3) "Unknown Detention Officers 1-1000," Detention Officers at
13  the Maricopa County Lower Buckeye Jail.

14  Plaintiff seeks money damages.

15  **III. Dismissal of Amended Complaint Without Leave to Amend**

16  Plaintiff's Amended Complaint is virtually identical to his original Complaint; it
17  appears that Plaintiff simply re-wrote his original Complaint and re-filed it as an Amended
18  Complaint.  Accordingly, Plaintiff has failed to state a claim for the same reasons discussed
19  in the Court's May 22, 2006 Order (Doc. #3), and the Amended Complaint must be
20  dismissed.

21  Because Plaintiff made no effort to amend his claims in accordance with the Court's
22  May 22, 2006 Order, the dismissal of the Amended Complaint will be without leave to
23  amend, and the Court will order that the action be dismissed and judgment entered.  See
24  Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355 (9th Cir. 1996) (the
25  Court's discretion to deny or grant leave to amend is particularly broad where Plaintiff has
26  previously been permitted to amend his complaint); Moore v. Kayport Package Exp., Inc.,
27  885 F.2d 531, 538 (9th Cir. 1989) (failure to cure deficiencies by previous amendments is
28

1 one of the factors to be considered in deciding whether justice requires granting leave to
2 amend).
3 **IT IS ORDERED:**
4     (1) The First Amended Complaint (Doc. #6) and this action **are dismissed for failure**
5 **to state a claim**, and the Clerk of Court **must enter** judgment accordingly.
6     (2) The Clerk of Court **must make an entry** on the docket stating that the dismissal
7 for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g).
8     DATED this 25th day of September, 2006.

*/s/ Daniel G. Campbell*
David G. Campbell
United States District Judge